IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES WALLACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-179 |
| | ) | (2:05-CR-67) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on Petitioner's Motion Requesting Extension of Time to File 28 U.S.C. § 2255 Petition (D.E. # 55) filed May 4, 2007, Motion Requesting Documentation (D.E. # 56) filed May 14, 2007, Request for Docket Sheet (D.E. # 57) filed May 25, 2007, and letter filed June 4, 2007, (D.E. # 61). Defendant also filed a Petition under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence of a Person in Federal Custody (D.E. # 60) on June 4, 2007. A briefing schedule for this motion is set forth in a separate order. To the extent Petitioner is still seeking an extension of time, for the reasons set forth below, his motion (D.E. # 55) is **DENIED**. In addition, Petitioner's motion requesting documentation, motion requesting a copy of the docket sheet, and request for a copy of the original petition contained in the letter filed June 4, 2007, are **DENIED as MOOT**.

Title 28 United States Code Section 2255 prescribes that a "1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255.  "The limitation period shall run from the latest of -- **(1)** the date on which the judgment of conviction becomes final." *Id.*  Finality attaches when the time for appeal expires. *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *U.S. v. Vega*, No. 07 C 602, 2007 WL 1704290, *4 (N.D. Ill. June 12, 2007). Under Rule 4(b) of the Federal Rules of Appellate Procedure, a criminal defendant must file a notice of appeal within 10 days after the entry of judgment.

Here, on June 5, 2006, Petitioner was sentenced to a term of 84 months in prison and two years of supervised release based on a plea of guilty to one count of car jacking. On the same day, judgment was imposed. He did not appeal. Accordingly, judgment of conviction became final on June 19, 2006, the last day Defendant could have appealed the sentence imposed on June 5, 2006.  To be timely, Defendant should have filed his section 2255 petition on or before June 19, 2007.

The one-year time limit is not jurisdictional and can be extended in narrow instances such as "unique circumstances" or those giving rise to equitable tolling. *See Poe v. United States*, 468 F.3d

-2-

473, 477-78 (7th Cir. 2006); *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). The doctrine of "unique circumstances" applies "only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that his act has been properly done." *Poe*, 468 F.3d at 477-78 (quoting *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179 (1989)). Here, without evidence that a judicial officer ever gave any assurances, Petitioner's situation does not meet the requirements of the "unique circumstances" doctrine. Accordingly, Petitioner's request for an extension of time on this basis is **DENIED**.

"Equitable tolling is a remedy reserved for '[e]xtraordinary circumstances far beyond the litigant's control [that] prevented timely filing.'" *Nolan*, 358 F.3d at 484 (quoting *Modrowski v. Mote*, 332 F.3d 965, 967 (7th Cir. 2003)). "Equitable tolling of the statute of limitations is such exceptional relief that 'we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.'" *Nolan*, 358 F.3d at 484 (quoting *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002)).

Here, Petitioner claims that during sentencing, the Court relied on a fact which was incorrect -- that he was on probation when he committed the instant offense -- and argues he is entitled to an extension of time for filing his section 2255 petition because he discovered this only one month and a few weeks before the

-3-

deadline. "For equitable tolling to excuse an untimely filing, a prisoner must demonstrate that he 'could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time.'" *Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001). Here, it appears that Petitioner could have discovered all the information he needed to timely file his claim had he been reasonably diligent. Certainly, even at the time of sentencing, Defendant should have known whether or not he was on probation when he committed the instant offense. Accordingly, Petitioner's request for an extension of time on this basis is **DENIED**.

In addition, Petitioner argues that the Court should grant an extension of time because he needs additional time to obtain necessary documents and transcripts. The Seventh Circuit has already rejected this argument as a basis for an extension of time. *See, e.g., Lloyd*, 296 F.3d at 634. ("[U]navailability of a transcript does not allow equitable tolling to excuse an otherwise untimely petition"). And Petitioner has not shown inability to submit a sufficient factual support for his claims without possessing the requested information. If Petitioner desired the transcript or other documents to aid the Court in deciding his petition, he could have sought help in obtaining the missing information after he filed the petition. *Lloyd*, 296 F.3d at 633. Accordingly, Petitioner's request for an extension of time on this basis is **DENIED**.

Because Petitioner's motion for extension of time has been denied, Petitioner's Motion Requesting Documentation (D.E. # 56) is **DENIED as MOOT**. If Petitioner seeks the requested information for his timely filed section 2255 petition, he is instructed to obtain it from his attorney.

Finally, Petitioner's Request for Docket Sheet (D.E. # 57) and the request for a copy of the original petition contained in the letter filed June 4, 2007, (D.E. # 61) are **DENIED as MOOT**. The docket indicates that the Clerk's Office has already sent the requested documents to Petitioner.

**DATED: August 10, 2007**          /s/ RUDY LOZANO, Judge
                                    **United States District Court**